

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2002

# Valladolid v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-2361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Valladolid v. Comm Social Security" (2002). *2002 Decisions.* Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2361
_____

SANTOS VALLADOLID,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 97-cv-05919
District Judge:  The Honorable John W. Bissell, Chief Judge
_____

Submitted Under Third Circuit LAR 34.1(a)
February 12, 2002
_____

Before: MANSMANN, McKEE, and BARRY, Circuit Judges

(Opinion Filed: February 19, 2002 )
_____

MEMORANDUM OPINION
_____


BARRY, Circuit Judge
     On October 25, 2000, appellant filed a motion for attorneys' fees pursuant to the
Equal Access to Justice Act ("EAJA"), 28 U.S.C.   2412(d)(1)(A), for counsel's work in
appealing the Commissioner's denial of appellant's claim for disability benefits and
Supplemental Security Income.  On April 23, 2001, the District Court denied that motion.
We have jurisdiction under 28 U.S.C.   1291 and will affirm.
     The parties are familiar with the facts underlying this appeal and we will,
accordingly, discuss them only as necessary to resolve the issue presented.
     This case began more than ten years ago when appellant filed a disability claim for
alleged mental impairment due to depression.  Appellant lost before the ALJ, lost before

the Appeals Council, lost before District Court, and ultimately lost before us on August 16, 2000. In sum, the District Court determined that substantial evidence supported the ALJ's finding that appellant was not disabled, and we summarily affirmed.

Just before we affirmed, however, the Commissioner agreed to a remand for further administrative proceedings, an agreement of which we were apprised after our order issued. Accordingly, we entered an order vacating our August 16, 2000 order and remanding the case to the District Court, which, in turn, remanded the matter to the Commissioner. On remand, new evidence in the form of vocational expert testimony was submitted and appellant prevailed on the merits. Appellant now seeks $8,646.55 in attorneys' fees "for work performed before the District Court and the Court of Appeals for the Third Circuit." Appellant's Br. at 10.

The EAJA provides, in pertinent part, that a prevailing party shall be awarded "fees and other expenses . . . , unless the court finds that the position of the United States was substantially justified." 28 U.S.C. 2412(d)(1)(A). The District Court denied appellant's motion for fees particularly in light of the fact that both that Court and our Court had found that the Commissioner's position was supported by substantial evidence. App. 19-21. We review this determination for an abuse of discretion. E.g., Pierce v. Underwood, 487 U.S. 552, 559 (1988); Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1998).

A position is "substantially justified" when it is "justified in substance or in the main that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. In other words, the government's position is substantially justified "if it has a reasonable basis in both law and fact." Morgan, 142 F.3d at 684 (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993)).

Within this framework, it is well settled that the government may lose on the merits yet still be found to have been substantially justified in its position. Similarly, if the case turns on an unsettled or "close" question of law, the government's position will normally be substantially justified notwithstanding the fact that its legal position is ultimately rejected. Washington v. Heckler, 756 F.2d 959, 961-62 (3d Cir. 1985). In

contrast, "[w]hen the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'"  Id. at 962.

The Commissioner bears the burden of showing that his position was substantially justified.  Morgan, 142 F.3d at 684.  To carry this burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory  he propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  Id.

Here, the Commissioner's position was that appellant was not disabled and that the ALJ's denial of benefits was supported by substantial evidence.  In short, the ALJ concluded that appellant had the residual functional capacity to perform work existing in significant numbers in the national economy, and that no mental impairment existed that would preclude such work.  App. 31-32 & 41.  In addressing two medical opinions suggesting that severe depression existed, the ALJ observed that the reports failed to find any specific or significant work-related limitations, were based on appellant's subjective complaints rather than objective findings, and revealed that appellant showed signs of "malingering."  App. 32-33.  In addition, the ALJ found appellant's subjective complaints not to be credible, and relied on test results showing that appellant had normal concentration and memory abilities as evidence contradicting at least one of the medical reports.  App. 34.  The Appeals Council concurred.

Before the District Court, the Commissioner contended that the ALJ's findings regarding the issue of mental impairment were supported by substantial evidence.  As the Court put it: "The dispute between claimant and the Commissioner arises in step two [of the five-step sequence in evaluating disability claims].  The Commissioner maintains that, despite the two opinions concluding that claimant's depression is severe, it is not."  App. 38.  The District Court, in a thorough opinion, agreed, primarily because the doctors who offered those opinions failed to adduce objective evidence supporting them, which left appellant with insufficient proof at step two of the five-step sequence.  App. 41-49.  We affirmed "substantially for the reasons" set forth by the District Court.  Valladolid v.

Commissioner of Social Security, No. 00-5097, at 2 (3d Cir. Aug. 16, 2000).

With this record in mind, we turn to the Commissioner's burden of establishing a substantially justified position. First, the facts upon which the position rested -- the statements contained in the doctors' reports, medical test results, and the ALJ's credibility determinations -- had a reasonable basis in truth. Second, the lack of objective findings in the doctors' reports and the ALJ's credibility determinations gave the Commissioner a reasonable basis in law to argue that appellant failed to carry his burden and that the ALJ's conclusions were supported by substantial evidence. That we ultimately affirmed lends support to the reasonableness of the Commissioner's factual and legal conclusions and the connection of one to the other. Accordingly, we conclude that the District Court did not abuse its discretion in holding that the Commissioner carried his burden of demonstrating a substantially justified position.

In his attempt to rebut this conclusion, appellant invokes a litany of wholly speculative contentions as to the reasons for the Commissioner's agreement to remand, the "delay" in notifying us of that decision, and an alleged "informal agreement" by or practice of the Commissioner not to challenge fee applications after such remands. He argues, as well, that the Commissioner erroneously construed the evidence in rejecting his claim, as evidenced by his ultimate success on the merits. Finally, he argues that the Commissioner's position "clearly offended" established and forthcoming precedent, and that the District Court and this Court "ignored" this precedent. Only this final argument warrants discussion.

Remarkably, appellant exerts a fair amount of energy contending that we ignored Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000), when we rejected his claim on the merits in our August 16, 2000 order. We say "remarkably" because Sykes was decided more than a month after we disposed of appellant's claim on the merits. Appellant acknowledges this fact, yet insists that we ignored Sykes. It goes without saying that we could hardly have ignored a decision that did not exist and appellant has not pointed to anything that would have enabled us, the District Court, or (most importantly) the Commissioner to

foresee our future holdings. In any event, appellant's reliance on Sykes is entirely unpersuasive.

Appellant next claims that the District Court and our Court also ignored our prior decisions in Jesurum v. Secretary of the United States Dep't of Health & Human Servs., 48 F.3d 114 (3d Cir. 1995); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994); and Gilliland v. Heckler, 786 F.2d 178 (3d Cir. 1986). Appellant's Br. at 17. Specifically, appellant opines that he "argued before the District Court and before this Court that the ALJ would not be permitted under Jesurum . . . to utilize the 'framework' of a vocational rule in the presence of non-exertional limitations," but that this argument "ultimately fell on deaf ears." Appellant's Br. at 17-18 (emphasis added). This argument fails for a number of reasons.

First, none of the above cases compel an ALJ to use a vocational expert where the claimant has both exertional and nonexertional impairments, nor do they categorically preclude the ALJ from utilizing the vocational rules in such cases. Indeed, we observed in Sykes that "[w]e have never defined what sort of evidence the Commissioner must present to meet his burden of proof" in such circumstances. Sykes, 228 F.3d at 273. Second, appellant's cases are factually inapposite because each of the cases involved insufficiently developed factual records or factual findings illustrating what work the claimant could perform in light of uncontradicted medical evidence that conflicted with the ALJ's findings. Jesurum, 48 F.3d at 118-20; Adorno, 40 F.3d at 46-47; Gilliland, 786 F.2d at 183-84. Here, in contrast, the ALJ made specific and supported factual findings regarding appellant's ability to perform work, App. 31, and his finding of no severe mental impairment was supported by the medical evidence. Finally, even viewing these cases in the light most favorable to appellant, the Commissioner's position can, at worst, be described as a good faith argument on an unresolved or "close" legal question. As such, the Commissioner's position was substantially justified. Washington, 756 F.2d at 961-62.

We have carefully considered all of appellant's remaining contentions and find them to be unavailing.

We will affirm the April 23, 2001 order of the District Court.

TO THE CLERK OF THE COURT:
     Kindly file the foregoing Memorandum Opinion.

                              /s/ Maryanne Trump Barry
                               Circuit Judge