

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2003

# Rowan v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3507

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Rowan v. Comm Social Security" (2003). *2003 Decisions*. Paper 519.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/519

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3507

BRANDON L. ROWAN,
Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 01-cv-01680)
District Judge:  Honorable Gary L. Lancaster

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed: May 30, 2003 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

This case involves a claim for supplemental security income (SSI) under Title XVI

of the Social Security Act.  Brandon L. Rowan, the Appellant, petitioned the District

Court to overturn the denial of her application for SSI.  Upon consideration of cross-

motions for summary judgment, the District Court granted the motion of the

Commissioner of the Social Security Administration ("Commissioner"). Rowan now

appeals. The District Court had jurisdiction under 42 U.S.C. 405(g) (2002). We have

jurisdiction under 28 U.S.C. § 1291 (2002). We will affirm.

We review *de novo* the District Court's order, but will reverse the grant of

summary judgment to the Commissioner only if we conclude that the ALJ's findings were

not supported by "substantial evidence." Podedworny v. Harris, 745 F.2d 210, 217 (3d

Cir.1984); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d

Cir.1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is "less than a

preponderance of the evidence but more than a mere scintilla." Jesurum v. Secretary of

the United States Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir.1995). In

determining whether substantial evidence exists, "we are not permitted to weigh the

evidence or substitute our own conclusions for that of the fact-finder," the ALJ. Burns v.

Barnhart, 312 F.3d 113, 118 (3d Cir. 2002) (citing Williams v. Sullivan, 970 F.2d 1178,

1182 (3d Cir.1992)).

In order to qualify for SSI, a person must be "disabled" under the Social Security

Act and the accompanying regulations. Under Title XVI, the Act defines disability as

"the inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A) (2002). In determining whether a claimant qualifies for SSI, the Social Security Administration applies a five-step test. 20 C.F.R. § 416.920 (2002). At step one, the claimant must show that he is not currently engaging in "substantial gainful activity," 20 C.F.R. § 416.920(b), as defined in the regulations. See 20 C.F.R. § 220.141 (2002). At step two, the claimant must show that he suffers from a "severe impairment." 20 C.F.R. § 416.920(C). If the claimant fails to make the proper showing at either steps one or two, he will be denied benefits. At step three, a claimant may attempt to demonstrate that his disability meets or equals an impairment listed in Appendix 1 to Subpart P of Part 404 ("Listing of Impairments"). 20 C.F.R. § 416.920(d). If the impairment meets or equals a listed impairment (hereafter referred to as "Listing"), the claimant is considered disabled and the evaluation process ends. Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir.1999). If, however, the claimant's impairments do not satisfy step three, the process continues to step four. At step four, the claimant must demonstrate that he does not have sufficient residual functional capacity to perform his past relevant work. 20 C.F.R. § 416.920(e). Residual functional capacity is "what [he] can still do despite his limitations." 20 C.F.R. § 416.945(a). If the claimant fails to make the necessary showing at step four, he will be denied benefits. If he satisfies step four, the inquiry moves to step five. At step five, the burden shifts to the Commissioner to show that the claimant can perform "other work." 20 C.F.R. § 416.920(f). "Other work" must

3

consist of jobs that exist in significant numbers in the national economy that the claimant can perform given his age, education, past work experience, and residual functional capacity. Plummer, 186 F.3d at 428. See generally Burns, 312 F.3d at 118-19. At the fourth and fifth steps, the ALJ often seeks advisory testimony from a vocational expert. Id.

Rowan claimed eligibility for SSI due to mental health problems. After his claim was denied, he appealed to an Administrative Law Judge (ALJ). At the time of his hearing before the ALJ, Rowan was 19. At the hearing, the ALJ heard testimony from Rowan, Rowan's mother, and a vocational expert, Dr. William Reed.

The ALJ denied Rowan's appeal. At step one of the evaluation process, the ALJ found that Rowan was not engaged in substantial gainful activity. At step two, the ALJ found that Rowan had the following severe impairments: fetal alcohol syndrome, post-traumatic stress disorder, attention deficit hyperactivity disorder, type II bipolar disorder, developmental receptive language disorder, and developmental coordination disorder. At step three of the evaluation process, the ALJ also found that Rowan did not meet or equal any of the mental health listings. Specifically, the ALJ found that, "[w]hile the diagnoses of bipolar disorder, type II, ADHD, PTSD, and fetal alcohol syndrome satisfy the "A" criteria for Listings 12.04 (regarding affective disorders) and 12.06 (regarding anxiety related disorders)," Rowan did not meet the "B" Criteria for either listing. Moving on to step four, the ALJ found that Rowan had no exertional limitations, but did have

4

"significant non-exertional limitations stemming from mental impairments." As such, the ALJ determined that Rowan's residual functional capacity allowed Rowan to perform the full-range of physical work, but he must "avoid work requiring any sustained concentration or detailed work, . . . avoid multi-tasking . . . , [and] must work in a low stress, stable environment, not conducive to change with no excessive production demands, no judgment requirements, and no decision making." At step five, the ALJ adopted the vocational expert's determination that Rowan could work as a hand packer (medium and light work), and a vehicle washer and equipment cleaner (medium and light work), and a non-construction laborer (light work). The VE testified that over 1.2 million of these jobs existed nationally.

On appeal, Rowan makes three arguments. We will address them in turn. First, he argues that "the findings by the ALJ that [he] is not under a psychiatric disability are not supported by substantial evidence." We assume that by this argument Rowan means that substantial evidence does not support the ALJ's finding that Rowan's severe impairments, considered individually or as a whole, did not meet or equal any of the Listings for mental health impairments, and, as a result, the ALJ should have found Rowan disabled at step three of the evaluation process.

Rowan fails to direct us toward any Listing in support of his argument; thus, we will look at the two Listings considered by the ALJ: Listings 12.04 and 12.06. Listing 12.04 is entitled "Affective Disorders." 20 CFR Pt. 404, Subpt. P, App. 1, § 12.04. The

5

impairments that qualify as "affective disorders" are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." To meet Listing 12.04, Rowan must show that he suffers from an "affective disorder" that meets "[t]he required level of severity for these disorders [which] is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." Id. Listing 12.06 is entitled "anxiety related disorders." 20 CFR Pt. 404, Subpt. P, App. 1, § 12.06. "In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders." Id. To meet Listing 12.06, Rowan must show that he suffers from an "anxiety related disorder" that meets "[t]he required level of severity for these disorders [which] is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied." For both listings, the ALJ determined that Rowan suffered from a disorder that satisfied part "A," but not part "B." Under both Listings, part "B" has the same requirements. The ALJ did not address part "C" of either Listing and Rowan does not argue on appeal that he satisfies part "C." As a result, whether the ALJ erred depends on whether substantial evidence supports the ALJ's finding that Rowan does not satisfy part "B."

6

Part "B" requires that the affective disorder or anxiety related disorder that satisfies part "A" results "in at least two of the following:"

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration[.]

20 CFR Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. In her written decision, the ALJ articulated her findings as to each prong of part "B" in some detail; it is only necessary for our purposes, however, to recite her ultimate conclusions. As for the first prong, the ALJ determined that Rowan's "degree of limitation" was "slight." As for the second prong, the ALJ determined that Rowan's "degree of limitation" was "moderate." As for the third prong, the ALJ determined that Rowan's "degree of limitation" was "often." As for the fourth prong, the ALJ determined that Rowan's "degree of limitation" was "never." The ALJ also determined that "no treating physician has mentioned findings equivalent in severity to the criteria of any listed impairment." Additionally, the ALJ concluded that, taking into account the severity of all of Rowan's severe and non-severe impairments, no evidence in the record "cause[s] limitation of a severity equal to that described by any listed impairment."

Rowan argues that the ALJ failed to consider his problems in their totality. He contends that, if the ALJ had, she would have found that he qualified for SSI. The ALJ noted that there was evidence in the record that, at the time of the hearing, Rowan worked as a volunteer with the fire department once a week, worked at "Lowe's" part-time while

7

attending school, took martial arts classes weekly, went camping, hiking, and swimming, assisted around the home, and was capable of taking care of his own hygiene and grooming. The ALJ also noted that there was evidence that Rowan got along well with others, especially his teachers and people in their twenties and thirties, had been assessed to have moderate difficulty in social and occupational functioning, pays attention in school, and did his homework. On the other hand, there was evidence that Rowan needed supervision when carrying out instructions, including when doing his chores around the home and when shopping, could not maintain a residence independently, had great difficulty in all facets of social functioning, especially with people his own age, had impaired concentration, had difficulty organizing tasks, "acted up," acted unpredictably, sometimes ran away from home, was placed in special education classes at school, was often "on edge," and sometimes acted violently. Further, Mrs. Rowan testified that her son was incapable of working.

Clearly, there is evidence supporting both a finding that Rowan is not disabled and a finding that he is disabled. In line with our standard of review, however, we are only concerned with whether there was substantial evidence supporting the ALJ's finding that Rowan was not disabled at step three in the evaluation process. We find that there was "such relevant evidence as a reasonable mind might accept as adequate" supporting the ALJ's determination, Ventura, 55 F.3d at 901 (citation omitted), and, therefore, find that substantial evidence supported the determination.

8

Rowan's second argument on appeal is that "the ALJ's findings that [his] testimony regarding his impairments is not entirely credible is not supported by substantial evidence." The ALJ concluded that "to the extent that [Rowan] alleges being totally precluded from work-related activities, these subjective complaints regarding the severity of limitations caused by the claimant's impairments are considered not fully credible." There is no requirement that the ALJ defer to Rowan's testimony as to his ability to work, as long as the ALJ makes clear that she gave Rowan' subjective views of his limitations "serious consideration," Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir.1993), and made specific findings of fact as to his credibility. Burns, 312 F.3d at 129 (3d Cir. 2002). Here, the ALJ satisfied these requirements and, as evident from the evidence in the record noted above, substantial evidence supports the finding that Rowan was not totally disabled. Moreover, we disagree with Rowan's contention that the ALJ ignored Mrs. Rowan's testimony regarding her son's impairments. The ALJ's references Mrs. Rowan's testimony in various parts of the decision and clearly took it into consideration.

Third and finally, Rowan argues that "the ALJ's findings that [he] possesses the residual functional capacity to perform work at any exertional level is not supported by substantial evidence." As noted above, the ALJ found that Rowan could perform the full range of exertional levels, but that he must "avoid work requiring any sustained concentration or detailed work, . . . avoid multi-tasking . . . , [and] must work in a low

stress, stable environment, not conducive to change with no excessive production demands, no judgment requirements, and no decision making." Rowan, however, provides no evidence that he is incapable of performing the full-range of exertional activities. Moreover, he does not even challenge the ALJ's findings as to his non-exertional limitations. Basically, Rowan argues that his mental health problems prevent him from performing any substantial gainful activity and that the ALJ ignored the evidence supporting this argument. We reject this contention. As we noted, there is substantial evidence in the record to support the ALJ's conclusion that Rowan can perform the full range of exertional work.

Accordingly, we will affirm the order of the District Court.

_____

TO THE CLERK OF COURT:

Please file the foregoing not precedential opinion.

/s/ Marjorie O. Rendell
Circuit Judge