

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2003

# Blood v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Blood v. Comm Social Security" (2003). *2003 Decisions.* Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1030

KENNETH C. BLOOD, JR.,

<u>Appellant</u>

v.

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
(Dist. Court No. 02-cv-00173)
District Judge: Hon. Stephen M. Orlofsky

Submitted Under Third Circuit LAR 34.1(a)
October 15, 2003

Before: SLOVITER, ROTH and CHERTOFF, <u>Circuit Judges</u>

(Filed: November 14, 2003)

OPINION

CHERTOFF, <u>Circuit Judge</u>

Kenneth Blood appeals from an Administrative Law Judge's ("ALJ")

1

determination that he is not entitled to disability insurance benefits or supplemental security income under Titles II and XVI, respectively, of the Social Security Act. The District Court below exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and affirmed the ALJ's decision. We have jurisdiction under 28 U.S.C. § 1291. For the following reasons we will vacate the District Court's order and remand for further proceedings.

## I.

Our role here is the same as the District Court's—we must determine whether the ALJ based his decision on substantial evidence. See Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." Jesurem v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Perales, 402 U.S. at 401) (internal quotations omitted).

## II.

A claimant must establish that he is "disabled"—within the term's meaning under the Social Security Act, see 42 U.S.C. §§ 423(d), 1382c(a)(3)—in order to be eligible for

disability insurance benefits or supplemental security income. See 42 U.S.C. §§ 423(a)(1), 1381a.[1] The Social Security Administration has promulgated a five-step evaluation process for the Commissioner of the Social Security Administration to use in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520, 416.920; Plummer, 186 F.3d at 428. The process requires an ALJ to sequentially determine the following:

> 1. First, whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520(b), 416.920(b).[2]
>
> 2. Second, whether the claimant is suffering from a severe impairment. If not, the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. Third, whether the evidence establishes that the claimant suffers from any ailment in a list of ailments presumed serious enough to preclude gainful work. If so, the claimant is automatically eligible for disability benefits. If not, the Commissioner proceeds to the next step. 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. Fourth, whether the claimant retains the "residual functional capacity" to perform his past relevant work. If so, the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520(e), 416.920(e).
>
> 5. Fifth, whether—given the claimant's medical impairments, age, education, past work experience, and "residual functional capacity"—jobs exist in significant numbers in the national economy that the claimant can perform. If so, the claimant is not eligible for benefits. 20 C.F.R. §§

---

[1]"The law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). We provide parallel citations throughout the opinion.

[2]The relevant regulations were amended as of August 26, 2003. We cite to the regulations as they applied as of the date of the ALJ's decision, April 19, 2001.

404.1520(f), 416.920(f).

The claimant bears the burden of proof at the first four steps, and the Commissioner bears the burden at the fifth. See Fargnoli v. Massanari, 247 F.3d 34, 39 (3d Cir. 2001).

The ALJ determined that appellant met his burden at the first two steps—he found that Blood was not engaging in substantial gainful activity and suffered from a severe impairment. The ALJ concluded that appellant's impairment did not fall into one of the per se disability categories (step three), however, and he therefore continued to step four.

Step four (as well as step five) requires the ALJ to determine the claimant's residual functional capacity. "'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Hartanraft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (citing 20 C.F. R. § 404.1545(a)). This Court's precedent requires an ALJ making a residual functional capacity determination to "consider all evidence before him." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). In addition, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence he rejects and his reason(s) for discounting such evidence." Id.; see also Fargnoli, 247 F.3d at 40-43.

The ALJ considered the following evidence to determine appellant's residual function capacity: (1) documentation of Blood's three back surgeries in 1995, 1996, and 1997, (2) diagnoses from Blood's treating physician, Dr. Frederick McEliece; (3) a report

4

from Healthsouth Rehabilitation Center; (4) the medicine Blood was currently taking; (5) a consultative medical evaluation conducted on October 13, 1999 by Dr. Kutumba Pitta; and (6) a physical residual functional capacity assessment prepared by a State Agency Medical Consultant and dated May 18, 1999.[3]

The ALJ concluded that Blood had a residual functional capacity to perform the full range of "sedentary work," as defined in the applicable regulations. See 20 C.F.R. §§ 404.1567(a), 416.967(a). He further found that, given Blood's residual functional capacity, Blood was unable to perform his past work as a marine mechanic (step four). At step five, however, the ALJ considered appellant's residual functional capacity, age, education, and past work experience and concluded—using the matrix set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1—that there exist jobs in the national economy in which Blood could engage.[4] As a result, the ALJ found that Blood was not disabled.

## III.

We cannot find that the ALJ's decision that Blood had a residual functional

---

[3]The ALJ's analysis appears fully on page four of his decision.

[4]An ALJ can use the matrix at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1 if he finds the claimant can perform "substantially all" of the tasks required for sedentary work. See Jesurum, 48 F.3d at 119 (citations omitted). Here the ALJ used the matrix because he found that Blood could perform the "demands of the full range of sedentary work." App. 18.

capacity to perform the full range of sedentary work was based on substantial evidence. The ALJ failed to consider all the evidence before him. In particular, he failed to refer to the following evidence in his decision: (1) reports and diagnoses from one of Blood's treating physicians, Dr. John Tyding; (2) evidence regarding a wrist injury sustained by Blood; (3) reports and diagnoses from Dr. McEliece that post-date February 15, 2000; and (4) evidence regarding Blood's fourth back surgery on February 14, 2001.

"Although we do not expect the ALJ to make reference to every relevant treatment note in a case where the claimant . . . has voluminous medical records," we explained in Fargnoli, "we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law." 247 F.3d at 42. Here, the ALJ failed to refer to any evidence from one of Blood's treating physicians, Dr. Tyding, despite the rule that opinions of a claimant's treating physician are entitled to substantial weight. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1982). And the ALJ did not refer to any evidence regarding Blood's wrist injury, while the applicable regulations require an ALJ to "analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d at 428 (citing 20 C.F.R. § 404.1523); see also 20 C.F.R. §§ 404.1545(a), 416.945(a) ("If you have more than one impairment, we will consider all of your impairment(s) of which we are aware."). Indeed, the ALJ did not consider any evidence

6

that post-dated February 15, 2000 when determining Blood's residual functional capacity.

In addition, the following evidence—most of which the ALJ failed to discuss in his decision—tends to support Blood's contention that he is unable to perform sedentary work: (1) documents and diagnoses from Blood's treating physicians; (2) evidence regarding Blood's wrist surgery; and (3) evidence regarding Blood's fourth back surgery. Yet the ALJ did not indicate why he rejected or discounted this evidence. See Fargnoli, 247 F.3d at 43 ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided.").

## IV.

For the reasons stated above, we vacate the District Court's order and remand with instructions to remand to the Commissioner for additional proceedings consistent with this opinion. The ALJ must consider the relevant probative evidence when determining Blood's residual functional capacity; in particular, evidence from appellant's treating physicians that the ALJ failed to address in his original decision. If the ALJ reaches a decision that tends to contradict probative evidence, he must explain why he decided to discount or reject the evidence.

7

TO THE CLERK:

Please file the foregoing opinion.

                                            /s/ Michael Chertoff, Circuit Judge

                                            Circuit Judge