

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2004

# Flemming v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Flemming v. Comm Social Security" (2004). *2004 Decisions.* Paper 571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3286

———————

DONALD FLEMMING,

<u>Appellant</u>

v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY
*(Pursuant to Rule 43(c), F.R.A.P.)


———————


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Dist. Court No. 02-cv-06704)
District Judge: Hon. Eduardo C. Robreno

———————


Submitted Under Third Circuit LAR 34.1(a)
June 24, 2003

Before: NYGAARD, MCKEE and CHERTOFF, <u>Circuit Judges</u>

(Filed:  June 30, 2004)

———————

OPINION

———————

CHERTOFF, <u>Circuit Judge</u>.

1

Appellant Donald Flemming appeals from the District Court's judgment affirming the Administrative Law Judge's ("ALJ") determination that Flemming did not meet the requirements to receive retirement insurance benefits under Section 202(a) of the Social Security Act, 42 U.S.C. § 402(a). We apply plenary review to the District Court's grant of summary judgment. See, e.g., Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). Like the District Court, we review the ALJ's decision to determine whether it was based on substantial evidence. See 42 U.S.C. § 405(g).

In order to qualify for retirement insurance benefits under 42 U.S.C. § 402(a) an individual must, among other things, be a "fully insured individual" as defined in 42 U.S.C. § 414(a). Essentially, the statute requires that a claimant must have worked and earned wages over a minimum span of time, the length of which depends on a number of factors. See 42 U.S.C. § 414(a); 42 U.S.C. § 413(a).

Flemming claims that during the years 1965 to 1972 he assumed the name "John W. Waters," obtained an accompanying (false) social security number, and worked at various companies under that alias. The parties agree that if Flemming were credited with that employment, he would qualify for retirement insurance benefits.

To support his claim, Flemming testified at the hearing before the ALJ and produced pay stubs in the name "John Waters" from the years 1965-1972. In addition, an individual named Richard Ambro testified that he had worked with Flemming from 1969-1972 and knew him as "Jack Waters." Despite this evidence, the ALJ found that

2

Flemming failed to show that he in fact had worked under the alias John Waters.

As we have frequently reiterated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reasons(s) for discounting such evidence." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). Flemming argues that the ALJ erred because he did not specifically find that Ambro was not credible and explain why. We disagree.

The ALJ explained that he considered Ambro's testimony but discounted it because of the strength of the countervailing evidence, or lack thereof. First, the ALJ found that there were substantial problems with Flemming's credibility, particularly because of inconsistencies and implausibilities in his testimony. With regard to his post-1972 employment status, for example, Flemming first testified that "I worked all my life, but not with the Social Security." App. 21. When it was brought to his attention that any failure to report income might have been a violation of the law, Flemming testified that he worked "just once in a blue moon" as a golf caddie. When further pressed, Flemming testified that he had not worked since 1972 and his mother and a "lady friend" supported him financially. App. 24-25. Flemming also conspicuously failed to submit documentary evidence establishing that he was the "John Waters" whose pay stubs he had submitted. Flemming testified, for example, that he had obtained a driver's license under the name John Waters. But he failed to provide it. And even Ambro's testimony was notable for its

3

lack of detail.

Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." Jesurem v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). Based on our review of the record, we find that the ALJ's credibility determination was supported by substantial evidence, and we therefore will affirm.