**Francisco SANTIAGO Plaintiff,**

v.

**Jo Anne B. BARNHART, Defendant.**

No. Civ.A. 03–6460.

United States District Court,
E.D. Pennsylvania.

April 12, 2005.

Michael Patrick Boyle, Philadelphia, PA, for Plaintiff.

David F. Chermol, Nicholas R. Cerulli, U.S. Attorney's Office, Philadelphia, PA, for Defendant.

## MEMORANDUM

**EDUARDO C. ROBRENO, District Judge.**

This action arises from the denial of the application of the plaintiff, Francisco Santiago, for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. Pursuant to Order of the Court, the parties filed cross-motions for summary judgment. After consideration of these motions, and after a careful review of the report and recommendation filed in this case, the objections filed thereto, and the administrative record, the Court will overrule plaintiff's objections, grant defendant's cross-motion for summary judgment, and deny plaintiff's motion for summary judgment.

## I. BACKGROUND [1]

Plaintiff applied for SSI on December 1, 1998, claiming that he was disabled since June 12, 1991 because of impairments in his back and disc, arthritis in his joints, high cholesterol and high blood pressure. *See* Transcript of the Administrative Record ("Tr.") 95–99, 104. Plaintiff's application was denied initially and on reconsideration. (Tr. 77–86). Plaintiff filed a timely request for a hearing before Administrative Law Judge (ALJ) Paula Garrety. (Tr. 87–88).

The ALJ held a hearing, and after consideration of the record, made the following five relevant findings. One, plaintiff has not engaged in substantial gainful activity since 1991. Two, plaintiff suffers from severe impairments, vis, hypertension, and arthritis of the spine and both knees. Three, plaintiff's impairments do not meet or equal the impairments listed in Regulations No. 4, Subpart P, Appendix 1. Four, plaintiff retains the residual functional capacity (RFC) [2] to perform a limited range of light work.[3] Particularly, plaintiff can perform the exertional requirements of light work, except that he is unable to stand or walk for prolonged periods of time. Further, plaintiff's non-exertional capacity, a component of RFC, *see* Soc. Sec. Ruling (SSR) 96–8p (1996), *at* 1996 WL 374184, is limited in two ways: (1) he can bend only occasionally, and (2) although he can communicate in English, he cannot read or write English. In view of this RFC, plaintiff is unable to perform his past relevant work as a dishwasher. Five, based on plaintiff's RFC (a limited range of light work), his age (48), educational background (limited), and work

---

**1.** The report and recommendation (doc. no. 10) has comprehensively recited the procedural history and facts of this case (including the record evidence of plaintiff's medical history). Accordingly, the Background section of this Memorandum will be concise.

**2.** RFC "is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Hartranft v. Apfel*, 181 F.3d 358, 359 n. 1 (3d Cir.1999) (citing 20 C.F.R. § 404.1545(a)). Further, RFC "is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." Soc. Sec. Ruling (SSR) 96–8p (1996), *at* 1996 WL 374184.

**3.** Under the regulations promulgated by the Social Security Administration (SSA),

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

experience (unskilled), the ALJ concluded plaintiff is not disabled. In reaching this conclusion, the ALJ referred to the Medical–Vocational Guidelines, 20 C.F.R. Table No. 2, Appendix 2, Subpart P, Regulations No. 4, or the "grid," which did not direct a finding of "disabled" or "not disabled" because plaintiff's RFC fell in between the light and sedentary exertional ranges. Because the grid did not direct a finding, the ALJ enlisted the testimony of a vocational expert (VE) to assist in determining whether plaintiff could engage in gainful employment of the type that exists in significant numbers in the national economy.

At the hearing before the ALJ, the ALJ asked the VE whether jobs exist in significant numbers in the national economy for an individual with plaintiff's age, education and work history who "is capable of performing a range of light work that does not require prolonged standing or walking or negotiation of stairs ..., require[s] no more than occasional bending, and should not require the ability to read or write in English." (Tr. 68). The VE testified that such an individual could perform work as a small product assembler (*Dictionary of Occupational Titles* (DOT) No. 739.687–030), garment sorter (DOT No. 222.687–014), hand trimmer inspector (DOT No. 781.687–070), general table worker (DOT No. 739.687–182), automatic grinding machine operator (DOT No. 691.685–194), or masker (DOT No. 715.787–086). Additionally, the VE identified the number of jobs available in each of these occupations in the nation and the general Philadelphia area. (Tr. 69–70). The ALJ accepted this testimony as credible and, accordingly, concluded that plaintiff is not disabled. (Tr. 21).

Plaintiff requested review from the Appeals Council and submitted additional evidence. (Tr. 8, 11). On September 26, 2003, after reviewing the additional evidence, the Appeals Council denied plain-

tiff's request for review, thus making the ALJ's decision in plaintiff's case the final decision of the Commissioner. (Tr. 4–5).

On November 26, 2003, pursuant to 42 U.S.C. § 1383(c)(3), plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's decision. The parties filed cross-motions for summary judgment, and the case was referred to U.S. Magistrate Judge Charles B. Smith for a Report and Recommendation (R & R). On December 21, 2004, Magistrate Judge Smith issued an R & R concluding that the ALJ's opinion was supported by substantial evidence in the record and recommending that summary judgment be entered in favor of the Commissioner and against plaintiff.

Plaintiff has objected to the R & R, arguing that the Magistrate Judge erred in four ways: (1) adopting the ALJ's finding that plaintiff has the RFC to perform a limited range of light work; (2) adopting the ALJ's finding that, under 20 C.F.R. § 416.969 and the framework of Rule 202.17, Table 2, Appendix 2, Subpart P, Regulations No. 4, plaintiff is not disabled; (3) concluding that the hypothetical that the ALJ posed to the vocational expert (VE) was proper in that it included all plaintiff's limitations supported by the record; and (4) concluding that the ALJ properly declined to afford plaintiff's treating physician's RFC assessment controlling weight.

## II. GENERAL PRINCIPLES

### A. *Standard of Review*

This Court undertakes a de novo review of the portions of an R & R to which the plaintiff has objected. 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998) (*citing U.S. Steelworkers of Am. AFL–CIO v. N.J. Zinc. Co.*, 828 F.2d 1001, 1005 (3d Cir.1987)). The Court "may ac-

cept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

■■■ Decisions of an ALJ are upheld if supported by substantial evidence. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir.2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Burns,* 312 F.3d at 118. "It is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of Health & Human Servs.,* 48 F.3d 114, 117 (3d Cir.1995) (citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999) (citations omitted).

B. *Framework for Establishing Entitlement to SSI*

To establish entitlement to SSI, a plaintiff must show that he suffers from a disability as defined in the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33. The Act defines disability as a medically determinable physical or mental impairment that prevents the plaintiff from engaging in any "substantial gainful activity" for a continuous twelve-month period. 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the plaintiff "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The Commissioner has established a five-step inquiry for determining whether a plaintiff is eligible for SSI under the Act.

To prevail, a plaintiff must establish (1) he is not engaged in any substantial gainful activity, and (2) he suffers from a severe impairment. *Jesurum,* 48 F.3d at 117 (citing *Bowen v. Yuckert,* 482 U.S. 137, 140–41, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987)). If the plaintiff satisfies these two elements, the Commissioner determines (3) whether the impairment is as severe as the impairments listed in Regulations No. 4, Subpart P, Appendix 1, which creates a presumption of disability. *Id.*

If the plaintiff's medical impairment is not "listed," the plaintiff must prove that (4) the impairment nonetheless prevents him from performing work that he has performed in the past. *Id.* The relevant inquiry is "whether the plaintiff retains the [RFC] to perform [his] past relevant work." *Fargnoli v. Massanari,* 247 F.3d 34, 39 (3d Cir.2001). If the plaintiff proves he does not, the Commissioner must grant him benefits unless the Commissioner can demonstrate (5) that, considering plaintiff's RFC, age, education, and work experience, there are jobs available in significant numbers in the national economy that the plaintiff can perform. *Jesurum,* 48 F.3d at 117 (citing *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985)).

III. DISCUSSION OF PLAINTIFF'S OBJECTIONS

A. *The ALJ's Finding That Plaintiff Has the RFC to Perform a Range of Light Work Is Supported by Substantial Evidence*

The ALJ concluded that plaintiff can perform at least a range of light work, but that plaintiff's "capacity for the full range of at least light work is diminished by his inability to stand or walk for prolonged periods of time, and his inability to more than occasionally bend." (Tr. 22).

Plaintiff argues the ALJ's "conclusion that plaintiff can perform light work is wholly inconsistent with her finding that

plaintiff cannot stand or walk for prolonged periods." Pl.'s Objs. at 2. The full range of light work "generally requires the ability to stand and carry weight for approximately six hours of an eight hour day." *Fargnoli*, 247 F.3d at 40. (citation omitted). Thus, plaintiff's argument would have some appeal had the ALJ concluded that plaintiff is capable of performing the *full range* of light duty work, while at the same time concluding that plaintiff cannot stand or walk for prolonged periods.

The ALJ concluded, however, that plaintiff has the RFC to perform a *limited range* of light duty work, i.e., plaintiff can perform the exertional requirements for light work other than engaging in prolonged walking or standing. There is nothing oxymoronic in finding that a plaintiff can perform a *limited* range of light work. Such a finding is appropriate where, as here, the evidence shows that the plaintiff can perform some, though not all, of the exertional requirements of a particular range. *See, e.g., Boone v. Barnhart*, 353 F.3d 203, 210 (3d Cir.2003) (noting that plaintiff's RFC "does not ... fall neatly into either category [,sedentary or light work]. [Thus], ... the ALJ found that plaintiff can do a *limited* range of light work.") (emphasis added); SSR 83–12 (1983), *at* 1983 WL 31253 (contemplating situation in which a plaintiff's RFC "does not coincide with the exertional criteria of any one of the external ranges, i.e., sedentary, light, and medium").

■ Under SSR 96–8p, an RFC assessment "must first identify the individual's functional limitations and restrictions and assess his or her work-related abilities on a function-by-function basis," particularly considering the plaintiff's "ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), [which] may reduce [the plaintiff's] ability to do past work and other work." 1996 WL 374184; *see also* 20 C.F.R. §§ 404.1545, 416.945. In determining a plaintiff's RFC, the ALJ should consider all the relevant evidence. *Id.; Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). Moreover, the ALJ should accompany its RFC finding with "a clear and satisfactory explication of the basis on which it rests." *Fargnoli*, 247 F.3d at 41 (quoting *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981)).

■ In the present case, the ALJ considered all the relevant evidence and adequately discussed the bases for her RFC determination in her findings and evaluation of the evidence. (Tr. 18–23). Specifically, the ALJ considered (1) the medical reports and treatment records from plaintiff's treating physician and examining physicians, (2) plaintiff's testimony concerning his abilities and limitations, which the ALJ refused to credit because it contained numerous inconsistencies and implausibilities (primarily concerning plaintiff's ability to lift ten to fifteen pounds and his failure to take prescribed pain medication), and (3) the remaining evidence of record, including several MRI reports that show mild to moderate arthritic and degenerative conditions in plaintiff's back and knees. Moreover, the ALJ adequately articulated her reasons for failing to afford controlling weight to part of the medical opinion of Dr. Burton Blender, plaintiff's treating physician. *See* Subsection D, *infra.*[4]

---

**4.** Plaintiff also states the R & R "curiously" failed to refer to the two cases cited by plaintiff in support of his RFC argument: *Banks v. Barnhart*, 63 Fed.Appx. 929 (7th Cir.2003)

(NPO), and *Lapinski v. Heckler*, No. 85–5277, 1986 WL 8935 (E.D.Pa.1986). These unpublished opinions are not binding on this Court. Even if they were, they are factually distin-

■ Plaintiff also argues that the ALJ failed to factor plaintiff's obesity when assessing his RFC. As the Magistrate Judge correctly pointed out, however, although SSR 02–1p states that a person's obesity may intensify arthritis on a weight-bearing joint, such as a knee, "we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." SSR 02–1p (2000), *at* 2000 WL 628049. The record reflects that plaintiff stands approximately 5 feet, ten inches tall, and weighs approximately 210–220 pounds. (Tr. 103, 130).

Additionally, certain of plaintiff's physician noted that he was "somewhat heavy for his height" and an "overweight muscular man." (Tr. 130, 187). The record is devoid, however, of any evidence (medical or otherwise) that plaintiff's relatively slight obesity[5] exacerbated his impairments, nor did plaintiff allege obesity as a disability (either in his disability application or at his hearing). Accordingly, the ALJ's failure to mention plaintiff's obesity is not a basis to reverse or remand in this case. *See Rutherford v. Barnhart,* 399 F.3d 546, 552–53 (3d Cir.2005) ("[T]he ALJ adopted the limitations suggested by the specialists and reviewing doctors, who were aware of Skarbek's obesity. Thus, although the ALJ did not explicitly consider Skarbek's obesity, it was factored indi-

rectly into the ALJ's decision as part of the doctors' opinions.") (quoting *Skarbek v. Barnhart,* 390 F.3d 500, 504 (7th Cir. 2004)).

Because the ALJ considered all the relevant evidence of record and adequately explained the bases for her RFC conclusion, there is substantial evidence supporting the ALJ's conclusion that plaintiff has the RFC to perform a limited range of light work.

B. *The ALJ Did Not Err by Failing to Apply Rule 201.17 of the Grid to Find Plaintiff Disabled*

Plaintiff contends the ALJ should have applied Rule 201.17 of the Medical–Vocational Guidelines, 20 C.F.R. Table No. 2, Appendix 2, Subpart P, Regulations No. 4, or the "grid," which would direct a finding of "disabled." The criteria in Rule 201.17 coincide with plaintiff's vocational characteristics, except that Rule 201.17 applies to a claimant who, unlike plaintiff, has an RFC to perform only sedentary work. At bottom, then, plaintiff's argument is premised on his objection to the ALJ's conclusion that plaintiff has the RFC to perform a limited range of light work. For the reasons stated in the previous subsection, however, the ALJ's RFC determination is supported by substantial evidence.[6]

■ Alternatively, plaintiff argues that, although the ALJ correctly applied the grid as a "framework" for deciding wheth-

---

guishable. In *Banks,* unlike the instant case, the court remanded the case because the ALJ failed to identify plaintiff's limitations and analyze the evidence, thus hindering the court's ability to review the decision. 63 Fed. Appx. at 935. *Lapinski,* unlike the instant case, involved an ALJ's finding that the plaintiff was capable of a *full range* of light work. 1986 WL 8935, at *2.

5. Plaintiff has a Body Mass Index (BMI) score of 30–33. This places him in the lowest category of obesity, as classified in the National

Institutes of Health (NIH) Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults. *See* SSR 02–1p (2000), *at* 2000 WL 628049 (referencing NIH Publ'n No. 98–4083, Sept. 1998).

6. Moreover, it is worth emphasizing that RFC "is not the least an individual can do despite his or her limitations or restrictions, but the most." SSR 96–8p (1996), *at* 1996 WL 374184.

er plaintiff was disabled, the ALJ improperly applied the guiding principles of grid. At the fifth stage of the sequential evaluation process, which is in dispute here, the ALJ will generally determine whether plaintiff's vocational characteristics (i.e., RFC, age, education, and work experience) match the corresponding criteria of a "rule" in the grid. *See, e.g., Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114 (3d Cir.1995) (reviewing ALJ's application, at fifth stage of evaluation process, of the grid). If all the plaintiff's circumstances, as found by the ALJ, match all the corresponding criteria in a rule, the rule will apply and direct a decision of "disabled" or "not disabled." SSR 83–10 (1983), *at* 1983 WL 31251.

Where, however, the plaintiff's RFC falls in between the exertional ranges listed in the grid, e.g., between sedentary and light work, the grid does not direct a conclusion. Instead, the rules of the grid are to be used as guidance for deciding whether a plaintiff is disabled. SSR 83–12 (1983), *at* 1983 WL 1983 WL 31253. Particularly, the ALJ must consider the extent of any erosion of the plaintiff's occupational base [7] and assess its significance. *Id.; see also Boone*, 353 F.3d at 210. "Where [, as here,] the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource." *Id.; see also Boone*, 353 F.3d at 210 (instructing that "VE assistance is advisable ... because a VE can provide a more individualized analysis as to what jobs the claimant can and cannot perform than does a determination of the claimant's remaining occupational base." (citing SSR 83–12)).

Consistent with the Third Circuit's teaching in *Boone*, the ALJ consulted a VE in the present case. The VE considered all plaintiff's limitations and vocational factors supported in the record and listed several occupations that it concluded plaintiff was capable of performing. The VE also noted the significant number of jobs available in plaintiff's region for the aforementioned occupations. The ALJ credited the VE's testimony, which served as substantial evidence for the ALJ's decision that plaintiff can perform work in significant numbers in the national economy and, therefore, is not disabled. Thus, the ALJ properly applied the guiding principles of the grid to conclude that plaintiff is not disabled.

C. *The ALJ's Hypothetical Posed to the VE Included All Plaintiff's Limitations That Were Supported by the Record*

■■■ Plaintiff argues that the ALJ's hypothetical to the VE failed to include all plaintiff's limitations, namely, impairments in his arms, hands and fingers. A VE's "testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." *Burns*, 312 F.3d at 123 (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir.1984)). A hypothetical question posed to a vocational expert must include all a claimant's impairments that are supported in the record. *Id.* Put differently, "[w]here there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." *Id.* That said, *Burns's* reference to "all" impairments "encompasses only those [impairments] that are medically established". *See Rutherford*, 399 F.3d at 554 (discussing *Burns* ).

---

**7.** "Occupational base" is "the number of occupations, as represented by RFC, that an individual is capable of performing." SSR 83–10 (1983), *at* 1983 WL 31251.

In the present case, the ALJ's hypothetical to the VE accurately reflects the evidence presented by plaintiff about his physical abilities. Any limitations from plaintiff's putative impairments in functioning his arms, hands and fingers are not supported by the medical evidence; indeed, the evidence as a whole suggests that plaintiff's has only minor, if any, limitations in functioning his arms, hands and fingers. (Tr. 130, 131, 134, 137). Additionally, any such limitation would be inconsistent with plaintiff's testimony at his hearing concerning his ability to lift ten to fifteen pounds and his failure to take prescribed pain medication. Therefore, the ALJ's hypothetical to the VE included all plaintiff's limitations that were credibly established by the record. The ALJ thus properly relied on the VE's testimony as substantial evidence for her conclusion that plaintiff is not disabled.

### D. The ALJ Did Not Err in Failing to Afford Plaintiff's Treating Physician's Opinion Controlling Weight

The opinion of treating physicians "should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir.1999) (quoting *Rocco v. Heckler,* 826 F.2d 1348, 1350 (3d Cir.1987)) (internal quotation marks omitted). More precisely, the treating physician's opinion is given controlling weight where "the nature and severity of [the claimant's] impairment(s) is well-supported [sic] by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer,* 186 F.3d at 429.

Here, Dr. Blender's (i.e., plaintiff's treating physician's) conclusions concerning the extent of plaintiff's limitations were inconsistent with other substantial evidence in the record. Particularly, the six other physicians to consider plaintiffs limitations made only mild to moderate findings concerning plaintiff's impairments. *See, e.g., Plummer,* 186 F.3d at 429 (upholding ALJ's decision refusing to credit treating physician's interrogatory responses where ALJ concluded that such responses were based primarily on the claimant's subjective complaints and inconsistent other physicians' reports). Additionally, Dr. Blender's conclusions were undercut by (1) the lack of objective tests or treatment notes in support of his conclusions, (2) the evidence that plaintiff failed to undergo therapy or take prescribed pain medication, and (3) plaintiff's testimony that he can lift ten to fifteen pounds (whereas Dr. Blender noted that plaintiff could lift no weight).

It bears noting that the ALJ did not reject Dr. Blender's opinions outright, but rather accepted them to the extent they were supported by his own treatment notes and objective findings, and the record evidence as a whole. The ALJ was entitled to afford Dr. Blender's opinions less weight in view of the lack of support for them and the record evidence to the contrary. *See, e.g., Jones v. Sullivan,* 954 F.2d 125, 128–29 (3d Cir.1991) (affirming ALJ's finding that plaintiff's treating physician's opinion was not controlling where such opinion was conclusory and contradicted by substantial evidence in the record). The ALJ properly considered all the medical evidence and concluded that plaintiff has the RFC to perform a limited range of light work. For the foregoing

reasons, this conclusion is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the ALJ's decision that plaintiff is not disabled is supported by substantial evidence in the record. Accordingly, the R & R will be approved and adopted. An appropriate order follows.

## *ORDER*

**AND NOW**, this 12th day of April, 2005, upon consideration of the cross-motions for summary judgment (doc. nos.6, 7), and after review of the Report and Recommendation of U.S. Magistrate Charles B. Smith (doc. no. 10) and the plaintiff's Objections thereto (doc. no. 12), it is hereby **ORDERED** for the reasons provided in the accompanying Memorandum that:

1. The Report and Recommendation (doc. no. 10) is **APPROVED** and **ADOPTED**.

2. Plaintiff's Objections to the Report and Recommendation (doc. no. 12) are **OVERRULED**.

3. Defendant's Motion for Summary Judgment (doc. no. 7) is **GRANTED**.

4. Plaintiff's motion for summary judgment (doc. no. 6) is **DENIED**.

5. The final decision of the Commissioner of Social Security is **AFFIRMED** and **JUDGMENT** is entered in favor of defendant and against plaintiff.

**AND IT IS SO ORDERED.**