

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# Henry v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Henry v. Comm Social Security" (2005). *2005 Decisions.* Paper 1358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2619

———————

DOLORES HENRY,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-04701)
District Judge: Honorable Stewart Dalzell

———————

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before: SCIRICA, Chief Judge, ROTH and AMBRO, Circuit Judges

(Opinion filed: April 14, 2005)

———————

OPINION

———————

AMBRO, Circuit Judge

        Dolores Henry appeals from the District Court's entry of summary judgment in

favor of the Commissioner of Social Security ("Commissioner").  The District Court had

jurisdiction pursuant to 42 U.S.C. § 405(g), and we have appellate jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we conclude that the Commissioner's determination that Ms. Henry was not disabled within the meaning of the Social Security Act is supported by substantial evidence, and thus affirm.

## I.

Because we write solely for the benefit of the parties, we do not recite the facts giving rise to this appeal. This Court's standard of review is identical to that of the District Court; we must determine whether there is substantial evidence to support the Commissioner's decision. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (quotation omitted). "It is less than a preponderance of the evidence but more than a mere scintilla." *Id*.

## II.

In reviewing claims for disability insurance benefits, an Administrative Law Judge ("ALJ") determines whether a claimant is disabled pursuant to a five-step test. *See* 20 C.F.R. § 404.1520. Here, only the fourth and fifth steps are in play, and we turn first to the fifth step, as it is the focus of much of the briefing. At step five the Commissioner has the burden to show that the claimant can perform other work that exists in substantial

numbers in the national economy, and if that burden is met the claimant will be found not disabled. *See* 20 C.F.R. §§ 404.1520(g); *Plummer*, 186 F.3d at 427-28. The ALJ may use the Medical-Vocational Guidelines ("Grids") in making the step five determination. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000).

With respect to this step, Ms. Henry argues that the ALJ's finding[1] that she could perform other work (and therefore was not disabled) is untenable because she has a smaller occupational base than an individual of her age, education, and experience who can perform the full range of sedentary work. Specifically, she points out that her occupational base applying Rule 201.15 of the Grids—which the ALJ applied here—is 127, meaning there are no more than 127 unskilled and semiskilled occupations in the Dictionary of Occupational Titles that such an individual could perform. She further points out that under Rule 201.14—which when applicable requires a finding that the claimant is disabled—would have an occupational base of 137. Thus, Ms. Henry's argument poses the following question: if one person has a smaller occupational base than another person considered disabled under the regulations, how can the former be found not disabled?

This argument, however, incorrectly assumes that "occupations" instead of "jobs" form the basis of the relevant analysis. As the District Court explained in its thorough

---

[1]The ALJ's decision became the final decision of the Commissioner under 20 C.F.R. § 404.984.

and well-reasoned decision, Ms. Henry's argument diverts attention from the relevant issue at step five of the analysis, that is, whether "there is a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). In addition, the vocational expert's testimony—that Ms. Henry had the capacity to work as a dispatcher and that there were a significant number of dispatcher jobs—remains unchallenged. Moreover, it makes the ALJ's decision supported by substantial evidence.[2]

### III.

Second, Ms. Henry argues that in step four of the analysis the ALJ erred by failing to consider adequately her mental impairment. In step four, the Commissioner examines the claimant's "residual functional capacity" and whether that capacity enables her to perform her past relevant work. 20 C.F.R. § 404.1520(e). If so, the claimant is not eligible for disability benefits. *Id*. In any event, the claimant bears the burden of demonstrating an inability to return to her past relevant work. *Burnett v. Commissioner of SSA*, 220 F.3d 112, 118 (3d Cir. 2000).

---

[2]Ms. Henry's additional arguments that the ALJ misapplied or misinterpreted the Grids are unpersuasive, particularly as the ALJ's actions comport with established procedures in our Circuit. *See, e.g., Sykes v. Apfel*, 228 F.3d at 266-70. Furthermore, Ms. Henry argues that the ALJ's decision violates equal protection because she "has not had her claim adjudicated according to current law." (Appellant's Reply Br. at 12.) Because we conclude that the ALJ's determinations are supported by substantial evidence and not contrary to current law, this argument too must fail.

Ms. Henry's position is that she has a significant mental impairment, namely depression and anxiety. The Commissioner responds—without challenge—that there is no medical evidence of record that any of Ms. Henry's treating physicians believed that she suffered functional limitations as a result of either depression or anxiety prior to the expiration of her insured status during the time period at issue. Furthermore, the ALJ properly gave the letter of Dr. Andrew Nemeth—authored in a conclusory fashion several years after the time period for which Ms. Henry seeks benefits—little weight. Added to this, the record suggests that Ms. Henry is able to perform her regular activities of daily living, which runs counter to her assertion. In light of the lack of evidence of record supporting Ms. Henry on this point and in view of the burden on her under step four, we cannot say that the ALJ failed to consider adequately Ms. Henry's mental condition.

\* \* \* \* \*

For the reasons discussed above, the ALJ's decision was supported by substantial evidence, and thus we affirm the judgment of the District Court.