

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2006

# Walker v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Walker v. Comm Social Security" (2006). *2006 Decisions*. Paper 1480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Case No. 05-2282

BERNARD WALKER,

Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Secuurity

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-1541)
District Judge: Honorable Joseph A. Greenaway, Jr.

_____

Before: RENDELL and STAPLETON, Circuit Judges,
and GILES*, District Judge

(Filed:    March 6, 2006)

_____

OPINION OF THE COURT

_____

* Honorable James T. Giles, Judge of the United States District Court for the Eastern
  District of Pennsylvania, sitting by designation

GILES, District Judge.

Bernard Walker appeals from the final order of the United States District Court for the District of New Jersey affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny his claim for social security disability benefits. The Commissioner determined that Walker had failed to establish that his impairments significantly limited his ability to perform basic work-related activities. In so finding, the Commissioner focused upon Walker's failure to attend scheduled medical examinations deemed necessary to determine the severity of his impairments. Since Walker proffered no good reason in the ALJ's judgment for failing to attend as directed, he was ruled not disabled pursuant to 20 C.F.R. § 416.918. Because we conclude that substantial evidence supports this ruling, we affirm the judgment of the District Court.

The three treatment periods under consideration at the hearing were June 2001 to September 2001, January 2003 to March 2003, and since March 2003. Walker, age thirty-nine (39), alleges disability since June 7, 2001, due to HIV, Hepatitis B, and pneumonia. He applied for disability benefits in August 22, 2001, but was denied on May 31, 2002. Subsequently, he filed for reconsideration. The determination denying his claim was affirmed on September 19, 2002. Walker requested a hearing before an administrative law judge ("ALJ") to review his application de novo.

Walker testified that he is tired every day, experiences pain in his feet, and has had sores in his mouth. Staff physicians at the Early Intervention Program at Trinitas Hospital

-2-

evaluated Walker at various times in 2001 and 2003. There, the diagnoses of HIV and Hepatitis B were made. He was first seen at Trinitas Hospital in September 2001, but did not seek medical attention again until January 2003. He obtained and continued taking Zerit, Zithromax, Combivent, Acyclovir, Epivir, Guaifenex, Crixivan, Norvir, Sulfamethoxazole, Diflucan, and Viramune. Walker testified that he takes ten pills each day and that his medication makes him very weak and sleepy. He is five feet, eight inches tall, previously weighed 180 pounds, lost 31 pounds, and weighed approximately 160 pounds at the time of the hearing.

Walker has an eleventh grade education and resides at his sister's home with his sister and her daughters. He held his last notable job in 1993, when he worked for a company that manufactures watches. Walker's other previous jobs involved heavy lifting and doing some light subcontractor work.

A hearing before an ALJ was held on May 6, 2003. The ALJ determined that, to have a complete record, Walker had to submit additional records from the hospital and present himself for an internal consultative examination, which would include an evaluation of his residual functional capacity. The examination was scheduled for May 30, 2003. Walker failed to make the appointment. In 2002, he had similarly failed, on at least two occasions, to present for scheduled medical examinations. Walker told the ALJ that his sister misplaced the notices about the missed 2002 examinations.

On July 17, 2003, the ALJ sent Walker's counsel a letter requesting him to either submit evidence, ask for an extension of time, or explain why the requested evidence was not

submitted. On July 25, 2003, the ALJ also sent Walker's counsel a copy of the Report of Contact, which showed that Walker did not keep his appointment, and requested a response within ten days. No response came within that time period. On September 16, 2003, one-and-a-half months later, Walker's counsel by letter responded to the ALJ explaining that Walker had rescheduled his consultative examination for another date, but that his client had gotten lost on his way to the examination and did not attend. The letter further explained that Walker had been incarcerated for three months during the period between his scheduled examination date and his counsel's letter and had been released on September 12, 2003. The letter did not state the date on which Walker's incarceration began.

In October 2, 2003, based upon the record then presented, the ALJ denied the application for benefits. It was determined, among other things, that: (1) Walker suffers from medically determinable impairments of HIV and Hepatitis B; (2) the evidence of record fails to establish that Walker's HIV or Hepatitis B significantly limited his ability to perform basic work-related activities; (3) despite repeated requests, Walker has persisted in his failure and/or refusal to undergo an examination which the ALJ determined necessary to obtain a report of his medical status to document fully the medical record in the case; and (4) under 20 C.F.R. 416.918, Walker's refusal to submit to examination, without good cause, constituted a basis for declaring him not disabled and not entitled to benefits.

The Appeals Council denied Walker's request for review of the ALJ decision. Walker then filed a complaint in the District Court seeking review of the Commissioner's decision. The District Court affirmed the Commissioner's decision, finding that the

-4-

Commissioner's determination was supported by substantial evidence. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Our review of the Commissioner or ALJ decision is limited to determining whether there is substantial evidence to support it. *See* 42 U.S.C. § 405(g); *see also Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is " 'less than a preponderance of the evidence but more than a mere scintilla.' " *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir.1995) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 01 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

To establish a disability under the Social Security Act, a claimant must demonstrate that there is some " 'medically determinable basis for an impairment that prevents him from engaging in any "substantial gainful activity" for a statutory twelve-month period.' " *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir.1988); *see also* 42 U.S.C. 423(d)(1)(A). A claimant is considered unable to engage in any substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 423(d)(2)(A).

Walker argues that medical evidence contradicts the ALJ's finding that he did not suffer a severe impairment and claims to be dumbfounded as to how his HIV infection, along with two separate infections of Hepatitis and pneumonia, do not satisfy the "severe impairment" requirement. Walker avers that the ALJ failed to recite all probative evidence,

in violation of *Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981). There, we required the ALJ, so as to permit meaningful judicial review, to provide an explanation of findings, including the reasons why probative evidence might have been discounted. *Cotter*, 642 F.2d at 705.

After review of the record, we find, consistent with the ALJ's decision, that there is virtually no evidence, medical or lay, which supports Walker's claim of disability within the meaning of the Act. Further, 20 C.F.R. § 416.918 unequivocally states that if a claimant does not have good reason for failing or refusing to take part in an ordered consultative examination the claimant may be found not disabled. The diagnoses of HIV and Hepatitis B infections, alone, are insufficient to prove disability. Mere presence of a disease or impairment is not enough. A claimant must show that his disease or impairment caused functional limitations that precluded him from engaging in any substantial gainful activity. *See Alexander v. Shalala*, 927 F.Supp. 785, 792 (D.N.J.1995), *aff'd*, 85 F.3d 611 (3d Cir.1996)(*per curiam*).

The Trinitas Hospital treatment notes for the periods June 2001 to September 2001 and January 2003 to March 2003 do not show that Walker then had such significant disability as to be unable to do some job existing in the national economy. The records show that he then had good appetite, stable weight and denial of nausea, vomiting and diarrhea. He was ambulatory, alert and oriented. Although Walker was treated for oral candidiasis in August 2001, by September 2001 his oral cavity was clear. A March 2003 progress note showed that his lung fields were clear, and his respirations were easy and regular. Considering the medical evidence that the ALJ had as of the date of the decision, we conclude that the ALJ

reasonably found that the record did not establish that the claimant suffered from significant work related functions during the periods of time for which the claims were made. Further, since, subsequent to the hearing, there was no medical evidence submitted, the ALJ correctly found that there was insufficient evidence to determine the severity of Walker's impairments.

It is true that in their reports, Dr. Mouravskaia and Dr. Taylor of Trinitas Hospital opined that Walker could not work. However, neither physician described the severity of the suggested physical and psychological disabilities. Without further assessment of the extent of medical disability, the ALJ could not proceed to decide the degree of work disability.

The Social Security Administration attempted on several occasions to schedule consultative medical examinations of Walker. He did not present himself for the May 30, 2003 examination as directed. The State agency's development worksheet shows that Walker did not contact the consultative physician or the adjudicator to explain his failure to attend or to reschedule the appointment. The Report of Contact dated July 25, 2003 prepared by a Social Security Administration representative, is to that effect. In the letter of July 25, 2003 to Walker's counsel, the ALJ advised that if counsel did not respond within ten days the ALJ would include that Report as record evidence and issue a decision. Counsel did not respond until almost two months later, and then alleged that Walker had rescheduled the consultative examination for June 9 or June 10, 2003, that he had gotten lost on his way to the examination, and that he was incarcerated for three months until September 12, 2004. The Social Security Administration's records of contact were at odds with counsel's representations of Walker's contentions of rescheduling the appointment.

The applicable Social Security regulation provides that: "[i]f you are applying for benefits and do not have a good reason for failing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind." 20 C.F.R.§ 416.918.[1]  Good reasons include:

> (1)    Illness on the date of the scheduled examination or test;
> (2)  Not receiving timely notice of the scheduled examination or test, or receiving no notice at all;
> (3)  Being furnished incorrect or incomplete information, or being given incorrect information about the physician involved or the time or place of the examination or test, or;
> (4)    Having had death or serious illness occur in your immediate family.

20 C.F.R. § 416.918(b).[2]

The ALJ found that Walker did not proffer a good reason for failing to submit to

---

[1]The ALJ quoted a version of the regulation which preceded the 1980 regulation and codified at 20 C.F.R. § 416.927.  The Commissioner submits, and we agree, that reference to that version was a harmless error since the substance of both regulations is the same.

[2]The Commissioner's denial of benefits as a sanction for a claimant's refusal to submit to a consultative examination has been upheld as a proper exercise of administrative discretion. *See Pearce v. Sullivan*, 871 F.2d 61, 64 (7th Cir.1989)(noting that the regulation provides that a claimant who does not show up for his appointment or who shows up but fails or refuses to take part in the examination may be denied benefits as a sanction for his disobedience.); *see also Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.1980)(20 C.F.R. s. 416.918 [] provides, in effect, that an individual, who has a disabling impairment that is amenable to prescribed treatment which could be expected to restore his ability to work, cannot be found "disabled" if he "willfully fails" to follow such prescribed treatment.); *also Williams v. Apfel*, No. 97 C 5551, 1998 WL 852872 at *8 (N.D.Ill. Dec. 4, 1998); *also Calvert v. Sullivan*, No. 89-5215-S, 1991 WL 105200 at *2 (D. Kan. May 3, 1991).

examination. *See* 20 C.F.R. § 416.918(b). Walker now asserts that he rescheduled the May 30 examination to June 9 or June 10, 2003. Notwithstanding the fact that Walker is himself unsure of the rescheduled date, Social Security Administration records only indicate that Walker failed to attend the examination for May 30, 2003. The Social Security Administration has no record of a phone call or attempt at rescheduling. Certainly, rescheduling the medical appointment for a later date and still not attending would not constitute good cause.

Next, Walker alleges that he got lost on his way to the examination, and then was incarcerated for three months. As the District Court opinion noted, the record does not show that Walker's incarceration was, in fact, the reason for his failure to attend the examination and does not support a timely explanation of any kind for his non-appearance. Walker's appointment was scheduled for May 30, 2003. Even if he rescheduled for early June 2003, there is no record evidence that his three-month incarceration prevented him from keeping that appointment. In addition, the ALJ found that Walker had repeatedly failed to cooperate with the Social Security Administration's attempts to obtain a consultative examination and concluded that there was no reason to believe that he would be more cooperative in the future.

Under the circumstances presented, we find that the Commissioner's exercise of discretion under 20 C.F.R. § 416.918 to find Walker not disabled was adequately supported by the record.

Accordingly, we affirm the judgment of the District Court.