NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3507
_____

TIMOTHY D. DOUGHERTY,

Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 08-cv-00077)
District Judge: Honorable Gustave Diamond


_____


Submitted Under Third Circuit LAR 34.1(a)
May 19, 2010

Before: FUENTES, HARDIMAN and NYGAARD, *Circuit Judges*.

Filed: May 24, 2010



_____


OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Timothy D. Dougherty appeals the District Court's summary judgment affirming the decision of an Administrative Law Judge (ALJ) denying his claim for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). We will affirm.[1]

I.

Because we write for the parties, we recount only the essential facts and procedural history. The Commissioner considers applications for DIB and SSI in a five-step process. *See* 20 C.F.R. §§ 404.1520, 416.920. Dougherty's application was denied at step four, when the ALJ found Dougherty could perform his past relevant work. *See id.* §§ 404.1520(a)(4)(vi), 416.920(a)(4)(vi).

Like the District Court, we review the ALJ's decision only to determine whether it is supported by substantial evidence, 42 U.S.C. § 405(g), which is "less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dep't of Health and Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

---

[1] The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), and we have jurisdiction under 28 U.S.C. § 1291.

II.

The ALJ found that Dougherty could return to work at the medium level of exertion, subject to certain limitations. Dougherty's appeal turns on the question of whether he was able to perform the six hours per day of walking or standing required for such work. *See* 20 C.F.R. § 404.1567(b) (defining "light work," which is a lesser included category of medium work); Soc. Sec. Rep. 83-10, 1983 WL 31251 (S.S.A. 1983) (articulating six-hour requirement). The crux of Dougherty's argument is that his unrebutted testimony as to his difficulties walking and standing, when combined with his diagnosis of degenerative joint disease of the left knee, required a finding that he could not return to medium work. In support of his argument, Dougherty cites our statement that "where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence." *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir. 1985).

Although Dougherty's citation to *Ferguson* is apt, his argument is flawed on this record because Dougherty's own testimony regarding his pain fell far short of establishing disability. Nowhere in the record does Dougherty identify the maximum length of time for which he is generally able to walk or stand. Indeed, the ALJ noted that Dougherty's written application indicated that his knee injury has no effect on his ability to perform most daily tasks, such as housework or grocery shopping.[2] Although he

---

[2] Dougherty's application does indicate that he "sometimes" rests while shopping.

3

sometimes takes Aleve when the pain is most serious, Dougherty stated that he had never gone to physical therapy or a mental health professional because of his knee pain.

Additionally, the ALJ recognized that the medical records do not indicate that Dougherty's ability to walk is as limited as he claims. Treating physician Dr. Nathan E. Martin identified Dougherty's ailment as degenerative joint disease and discussed treatment options, but Dougherty declined treatment, stating that "[h]e is not really having any significant discomfort." App. at 141. Dr. Martin failed to note any limitations on Dougherty's ability to stand or walk. Dr. Pawan Gupta, who examined Dougherty at the behest of the Pennsylvania Bureau of Disability Determination, also perceived no limitations in Dougherty's ability to walk. Finally, Stephen Sorbera, a chiropractor, reported that Dougherty could stand for eight hours, but would be limited to walking for four to six hours.

In an effort to overcome this medical evidence, Dougherty notes that on one occasion when he went to a shopping mall and walked around for an hour, his knee felt "stiff." *Id.* at 231. Dougherty testified that he did not believe he would have been able to walk around the mall all day, because he "really didn't feel good and . . . just wanted to go back." *Id.* At most, this testimony indicated that on a single occasion Dougherty was limited by pain in his knee to something less than a full day's worth of walking. In light of the contrary medical record and Dougherty's claims about his overall functionality, the ALJ was not required to infer from this single anecdote that Dougherty cannot spend

4

much time on his feet.  Therefore, the ALJ's determination that Dougherty could walk for up to six hours per day was supported by substantial evidence.

III.

Dougherty also argues that the ALJ improperly failed to consider the opinion of the chiropractor, Dr. Sorbera.  This mischaracterizes the ALJ's opinion.  Medium work involves the frequent lifting and carrying of up to 25 pounds, and less frequent lifting of up to 50 pounds.  Dr. Sorbera opined that Dougherty could lift no more than 25 pounds, which might be inconsistent with an ability to do medium work.  But as the District Court noted, the ALJ did not refuse to consider Dr. Sorbera's opinion.  Instead, the ALJ "considered" Dr. Sorbera's opinions, App. at 18, and correctly noted that they should not be given "controlling weight" because, under 20 C.F.R. § 404.1513(a), the opinion of a chiropractor is not an "acceptable medical source[]" capable of establishing a determinable impairment.  Thus, the ALJ properly treated Dr. Sorbera's opinion on Dougherty's exertional limitation as admissible and relevant pursuant to 20 C.F.R. § 404.1513(d)(1), but found it unpersuasive in light of Dr. Martin's and Dr. Pawan's failure to identify similar limitations, as well as Dougherty's self-described daily activities.  Accordingly, we find no error in the ALJ's treatment of Dr. Sorbera's report.

IV.

In sum, the District Court did not err when it concluded that the ALJ's finding that Dougherty could perform his past relevant work was supported by substantial evidence. Therefore, we will affirm the District Court's summary judgment.