**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2289**

LAWRENCE GOLINI,

                    Plaintiff - Appellant,

          v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:10-cv-00525-RBS-TEM)

Submitted:  June 4, 2012          Decided:  June 14, 2012

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert W. Gillikin, II, RUTTER MILLS, LLP, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Lawrence Leonard, Managing Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Golini appeals the district court's order accepting the magistrate judge's recommendation and upholding the Commissioner of Social Security's decision to deny Golini a period of disability insurance benefits. We affirm.

Our review of the Commissioner's disability determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citing 42 U.S.C. § 405(g) (2006)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," this court defers to the Commissioner's decision. Id.

On appeal, Golini contends that the administrative law judge ("ALJ") erroneously classified his limitations as constituting an ability to perform light, rather than sedentary, work. The case turns on the role of the sit-stand limitation, as Golini argues that the total time he would stand and walk, given his sit-stand limitation, does not meet the minimum requirements of light work. Golini asserts that the ALJ should

2

have classified his work abilities as consistent with sedentary work, entitling him to disability benefits pursuant to Medical-Vocational Guidelines Rule 201.14. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14 (directing that high school graduate or more who is closely approaching advanced age without transferable skills be deemed disabled).

Social Security Ruling ("SSR") 83-12 notes that an individual with a sit-stand requirement may not meet the definition of either the sedentary or light work classifications. SSR 83-12, 1983 WL 31253, at *4. This is because "[s]uch an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work." Id. The Commissioner "may rely on the [Medical-Vocational Guidelines] only in 'appropriate cases.'" Gibson v. Heckler, 762 F.2d 1516, 1520 (11th Cir. 1985) (quoting Heckler v. Campbell, 461 U.S. 458, 466 (1983)). Such reliance is inappropriate when, as here, a claimant's residual functional capacity falls between the exertional categories upon which the Medical-Vocational Guidelines rely. See Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 120 (3d Cir. 1995) (collecting cases); see also 20 C.F.R. Pt. 404, Subpt. P,

3

App. 2, Rule 200.00(a), (d) (stating rules are to be used "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule").

Because Golini's sit-stand requirement placed him outside the category of individuals contemplated by the Medical-Vocational Guidelines, we conclude that the ALJ's decision to rely on the vocational expert's testimony was appropriate. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4