

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# Clark v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Clark v. Comm Social Security" (2006). *2006 Decisions*. Paper 171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5280
_____

BRETT PHILIP CLARK,

Appellant

v.

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-00445)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2006

Before:  SMITH, FISHER and COWEN, *Circuit Judges*.

(Filed: November 20, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This case involves a claim for supplemental security income ("SSI") under Title

XVI of the Social Security Act ("Act").  Brett P. Clark appeals from the District Court's

grant of summary judgment in favor of the Commissioner of the Social Security

Administration ("Commissioner").  For the reasons that follow, we will affirm.

I.

We write only for the parties and thus will forgo a lengthy recitation of the factual

and legal background to this case.

Clark first filed for SSI on February 12, 1993, and was awarded benefits on

May 10, 1996.  He received the benefits until October 2000 when they were suspended

due to excess resources after the death of his mother who bequeathed him $20,000.  His

benefits were terminated in October 2001 pursuant to 20 C.F.R. § 416.1335, which

provides that eligibility for benefits terminates following twelve months of benefit

suspension.  Clark was then incarcerated from January 2001 to September 2002, which

made him ineligible for benefits under 20 C.F.R. § 416.1325, for the period of time that

he was incarcerated.  Clark re-applied for SSI in October 2002 claiming that he had been

disabled since January 1, 1992, due to blindness in his right eye, arthritis in his hands and

shoulders, depression, and anxiety.  The earliest time period that Clark could be eligible

for SSI based on his re-application was October 1, 2002.  The state agency denied his

application twice, and Clark requested a hearing before an Administrative Law Judge

("ALJ").

A hearing was held at which Clark was represented by counsel, and Clark and an

impartial vocational expert testified.  Clark testified that he had trouble concentrating and

2

getting motivated, lacked an appetite, and had abnormal sleep patterns. However, he also testified that he lived alone, performed household chores, attended Alcoholics Anonymous meetings, went to the library, and attended church. Additionally, he testified that he may be able to have a job that did not include much interaction with the public. There is also extensive medical evidence in the record, and it is not necessary for us to recite it all to adjudicate the claims before us. Importantly, there is evidence from Dr. Sanford Golin, the reviewing psychologist, who determined that Clark's mental health was stable and did not meet the listing requirements of 12.04. Specifically, Dr. Golin found that Clark "had mild B1 and B2 limitations in the areas of activities of daily living and social functioning, respectively, and moderate difficulties in the B3 area of concentration, persistence and pace. No B4 decompensation and none of the Part C criteria were found considering [Clark's] 12.04 depression." Two residual functional capacity ("RFC") assessments were performed in 2003. Alfred Mancini, M.D., a state agency medical consultant determined that Clark could engage in light work and did not find Clark's statements to the contrary to be credible. Additionally, V. Ramakumar, M.D., a state agency physician also found that Clark could engage in light work. After considering all of the evidence in the record, the ALJ denied Clark's request for benefits finding that Clark was not disabled within the meaning of the Act because he could perform some light jobs. The Appeals Council denied Clark's request for review.

Clark then appealed to the District Court, and the parties filed cross motions for summary judgment. The District Court granted the Commissioner's motion for summary judgment and affirmed the determination of the ALJ/Commissioner. Clark filed a timely appeal.

## II.

We have jurisdiction over this claim pursuant to 28 U.S.C. § 1291. We review the ALJ's findings to determine whether they were supported by substantial evidence. *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (internal quotations omitted). It is "less than a preponderance of the evidence but more than a mere scintilla." *Jessurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).

## III.

An individual must be disabled in order to qualify for SSI under the Act and the accompanying regulations. Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A five-step test is used to determine whether an individual qualifies for SSI. *See* 20 C.F.R. § 416.920(b). Steps one through three require the claimant to prove

4

(1) that he is not currently engaging in substantial gainful activity, (2) that he suffers from a severe impairment,[1] and (3) that his disability meets or equals a listed impairment. *See Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (explaining five-step test employed to determine whether claimant is disabled and eligible for disability insurance benefits).[2] "If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity[3] to perform her past relevant work. The claimant bears the burden of demonstrating an inability to return to [his] past relevant work." *Id.* (internal citations and quotations omitted). If the ALJ determines that the claimant cannot resume his prior occupation, the burden shifts to the Commissioner at step five to show that the claimant is capable of performing other work.[4] *Id.* (internal citations and quotations omitted).

---

[1]If the claimant fails to prove step one or two, he is ineligible for SSI. *See Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

[2]The same test is used to determine whether a claimant qualifies for Disability Insurance Benefits. *See Sullivan v. Zebley*, 493 U.S. 521, 525 (1990).

[3]Residual functional capacity is "what [the claimant] can still do despite his limitations." 20 C.F.R. § 416.945(a).

[4]Other work means that "[t]he ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with h[is] medical impairments, age, education, past work experience, and residual functional capacity." *Plummer*, 186 F.3d at 428. Often the ALJ seeks assistance from a vocational expert at this step. *Id.* (internal citations omitted).

Clark argues on appeal that the ALJ erred at steps three and five.[5]  Clark argues that (1) the ALJ erred by not affording proper weight to Clark's prior disability determination by the previous ALJ; (2) the ALJ erred in determining Clark's residual functional capacity because it based the determination on his response to medication in a non-work setting; and (3) that there was not substantial evidence to support the ALJ's determination that Clark's subjective complaints were not entirely credible.

As his first argument, Clark attacks the ALJ's findings that he was not within the 12.04 Listing regarding Affective Disorders.[6]  The ALJ found that Clark met the requirements of Part A, but that he failed to satisfy any of the Part B or Part C requirements.  Clark asserts that although not binding, the prior determination of disability by the previous ALJ should be afforded more than substantial weight in making the present disability determination at step three.[7]  This argument must fail.  Although we have said that findings by other agencies are entitled substantial weight, *Lewis v.*

---

[5]At step one, the ALJ found that Clark has not engaged in substantial gainful activity since the onset date.  At step two, the ALJ determined that Clark had impairments which were severe within the meaning of the Regulations.  At step four, the ALJ determined that Clark could not perform his past relevant work.

[6]Clark's appeal does not address the ALJ's determinations that he was not within listings for his other impairments.

[7]The prior ALJ found that Clark met the requirements of listing 12.04 because Clark met the requirements of Part A and all of the requirements of Part B.

Additionally, Clark asserts that the ALJ in the present case improperly based its decision in part on Clark's history of alcohol abuse.  We do not agree, and as discussed in the text we find that there is substantial evidence to support the ALJ's findings.

6

*Califano*, 616 F.2d 73 (3d Cir. 1980), we agree with the District Court that the Act has temporal limitations requiring that a claimant have an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve month period. *See* 42 U.S.C. § 1382c(a)(3)(A). Therefore, findings by the previous ALJ that Clark was disabled under the Act in 1996 does not prove that Clark has an impairment that prevented him from engaging in any substantial gainful activity which lasted for twelve months prior to October 2002 (when Clark reapplied for SSI) or that is expected to last for a continuous period of not less than twelve months. Additionally, as the District Court explained there are no guidelines that provide once a claimant proves he is eligible for benefits, he will always be eligible for benefits. There is substantial evidence supporting the ALJ's findings that Clark did not meet the requirements of step three and therefore we affirm the ALJ's determination.[8]

Clark next argues that the ALJ erred by improperly basing the determination of Clark's residual functioning capacity upon observations in light of his response to medication. We agree with the District Court that "[n]owhere in the ALJ's findings . . . does he rely on Mr. Clark's positive response to medication as a factor contributing to his determination" of residual functioning capacity. We find that there is substantial

---

[8]We also agree with the District Court that the ALJ's statement that Clark's global assessment of functioning scores ("GAF") "dipped on occasion with suspected alcohol abuse or lack of medical compliance" was improper speculation. However, because there is substantial evidence in the record to support the ALJ's findings that Clark did not prove that he was disabled under step three this statement does not impact our decision.

evidence in the record to support the ALJ's determination that Clark could engage in light work.

Finally, Clark argues that the ALJ erred by not giving sufficient consideration to Clark's subjective complaints. It is only necessary for an ALJ to give great weight to a claimant's subjective testimony when that testimony is supported by medical evidence. *See Schaudeck v. Comm'r*, 181 F.3d 429, 433 (3d Cir. 1999) (internal citations omitted) ("An ALJ must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when this testimony is supported by competent medical evidence."). The ALJ found that the complaints were not supported by the opinions of numerous doctors, and that the complaints were inconsistent with Clark's own testimony regarding his activities. Because we agree that there was substantial evidence for the ALJ's determination that Clark's complaints were not entirely credible, we will affirm the ALJ's findings.

IV.

We find that the ALJ's determination that Clark was not entitled to SSI benefits during the relevant time period was supported by substantial evidence. Therefore, we will affirm the District Court's decision to grant summary judgment in favor of the Commissioner.